IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION

FREDERICK AVERY,                    )
                                    )
       Petitioner,                  )
                                    )
v.                                  )      Case No. 2:14-cv-01276-STA-egb
                                    )
SHAWN PHILLIPS,                     )
                                    )
       Respondent.                  )
                                    )

                    ORDER TO MODIFY THE DOCKET,
            DENYING PETITION PURSUANT TO 28 U.S.C. 2241,
        CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
                              AND
        DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

       Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition"), filed by Petitioner, Frederick Avery, Tennessee Department of Correction ("TDOC") prisoner number 225104, who is currently incarcerated at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee. (§ 2241 Pet., ECF No. 1.) For the reasons stated below, the Court **DENIES** the § 2241 Petition.

I.     PROCEDURAL HISTORY

       On October 10, 2014, Avery filed his *pro* se § 2241 Petition in the Eastern Division of this district. (*Id.*) On November 5, 2014, Chief United States District Judge J. Daniel Breen issued an order directing Avery to file an *in forma pauperis* affidavit and trust fund account statement or pay the habeas filing fee. (Order, ECF No. 2.) Avery's copy of that order was returned as "refused" because the mailing did not contain the correct prisoner number. (Mail Returned as Undeliverable, ECF No. 4; Mail Returned as Undeliverable, ECF No. 5.) That error

was corrected and another copy of the order was mailed on December 15, 2014. (Notes, ECF No. 6.) On December 19, 2014, Avery filed an *in forma pauperis* affidavit and a trust fund account statement. (Appl. to Proceed in District Court Without Prepaying Fees or Costs (Short Form), ECF No. 7.) Judge Breen granted leave to proceed *in forma pauperis* on December 23, 2014. (Order, ECF No. 8.) In an order issued on January 12, 2015, Judge Breen transferred the § 2241 Petition to this district, where Avery was confined at the time, and directed that the matter be reassigned. (Order, ECF No. 10.) The case was reassigned to the undersigned Judge on January 12, 2015.

On January 6, 2015, shortly before the matter was transferred, Avery filed an amended complaint that sought to raise claims under 42 U.S.C. § 1983 against various persons employed at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. (Am. Compl., ECF No. 9.)

On March 23, 2015, Avery filed a motion seeking legal advice and leave to amend his complaint to add additional defendants and a claim concerning access to the courts. (Mot. for Leave to Amend, ECF No. 14.)

## II.     AVERY'S FEDERAL HABEAS CLAIMS

In his § 2241 Petition, which was filed when he was housed at the WTSP, Avery alleged that he was being retaliated against because he had been doing "prisoner activism work" for himself and younger prisoners. (§ 2254 Pet., ECF No. 1-1 at 1.) He alleges that "they refuse to process my grievances, they'er [sic] denying me access to law books, and now refusing to mail legal papers." (*Id.*) According to Avery, he is being held in close custody, he is not receiving appropriate treatment for his diabetes, his food is served "ice cold," he is not allowed to work or go to school, and he has been denied the opportunity to attend religious services. (*Id.*)

Avery explained that, while he was housed at another prison, he was convicted of an assault on staff and reclassified to close custody. That classification allowed him to work or go to school. After his transfer to the WTSP, Avery was placed in solitary confinement without explanation for twenty-three hours a day. (*Id.* at 2.) Avery emphasizes that he is not attacking his sentence, only the illegal confinement. He avers that he is held in solitary confinement without cause and in retaliation for his protected activities. (*Id.*)

The prayer for relief seeks an order discharging Avery from the illegal custody, which presumably means from solitary confinement. (§ 2254 Pet. at 4, ECF No. 1.)[1]

## III.	THE PROPOSED AMENDMENTS

In his Amended Complaint, Avery seeks to assert a claim under 42 U.S.C. § 1983 against former WTSP Warden Brenda Jones, WTSP Warden James Holloway, Associate Wardens Stanley Dickerson and Rob Henry, Unit Manager Sharon Rose and Correctional Officer Patrick Hankins. (Am. Compl. at 1, ECF No. 9.) The proposed amendment asserts claims for "actual injury, illegal confinement, court access denial, due process, for me filing a nonfrivolous legal claim." (*Id.* (irregular capitalization omitted).) Avery contends that he did not have notice or a hearing before being assigned to involuntary administrative segregation ("IAS"). At the time he filed his proposed amendment, Avery had been in solitary confinement for six months. (*Id.* at 2.) Avery alleges that he has been subjected to a campaign of harassment and retaliation "[f]rom South Central to Riverbend, W.T.S.P., H.C.C.F. and back to W.T.S.P." (*Id.* (irregular

---

[1] On November 7, 2014, the Clerk docketed a proposed Order to Show Cause For An [sic] Preliminary Injunction & A Temporary Restraining Order that had been submitted by Avery. (Proposed Order to Show Cause, ECF No. 3.) That filing is defective because it was not accompanied by a motion for a temporary restraining order or preliminary injunction and a supporting memorandum. *See* Local Rules 7.2(a)(1), 65.1. Avery also has failed to file a verified complaint or factual affidavit setting forth the basis of the relief he seeks. Fed. R. Civ. P. 65(b)(1)(A).

capitalization omitted).) The proposed amendment seeks to sue only employees of the WTSP. Employees of other prisons have been sued in separate lawsuits. (*Id.*)

Avery seeks the appointment of counsel and an investigation conducted by an independent source not under the control of the TDOC. (*Id.* at 3.) He also seeks the production of relevant documents. (*Id.*) Finally, Avery seeks declaratory relief and compensatory and punitive damages. (*Id.* at 4.)

In his motion for leave to amend, Avery seeks to add claims against Corporal Jason Gilbert; Brandy Ditto and June Roark, who are identified as "Comm. Member"; TDOC Deputy Commissioner Jason Woodall; and Warden Robert Henry. (Mot. for Leave to Amend at 1, ECF No. 14.) Those defendants allegedly denied Plaintiff access to the courts in some unspecified manner. (*Id.*)

Although *pro se* prisoners generally are entitled to amend their complaints prior to screening under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), it is not appropriate to assert § 1983 claims in a habeas action. A civil rights action and a habeas petition have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage. *Spencer v. Burt,* No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015), *appeal filed* (6th Cir. Dec. 9, 2015); *see also Moore v. Pemberton,* 110 F.3d 22, 24 (7th Cir. 1997) (per curiam) (a § 1983 case cannot be converted into a habeas action); *Mittelstadt v. Wall,* No. 14-cv-423-jdp, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit"); *Phelps v. Sabol,* C.A. No. 09-cv-40091-MLW, 2010 WL 2640167, at *1 (D. Mass. June 26, 2010) ("The substantive and procedural differences between habeas and *Bivens* claims makes it difficult to convert a habeas petition into a *Bivens* action."); *Hooper v. Caruso,* No. 1:08-CV-1085, 2009 WL 104026, at *2

4

(W.D. Mich. Jan. 14, 2009) (explaining why a declaratory judgment action cannot be converted into a habeas petition). The Seventh Circuit Court of Appeals has summarized some of the relevant differences between the two actions:

> (1) The proper parties to § 1983 and § 2254 litigation differ. The right respondent in a § 2254 action is the warden of the prison; the right defendants in a § 1983 suit are the persons whose wrongful acts harmed the plaintiff (and the warden is rarely a proper defendant, because he is not vicariously liable for subordinates' acts). A change of parties in midcase has the potential to surprise the original defendants if the court of appeals later determines that a damages action was proper. Their position will not have been heard. (2) To obtain appellate review of an adverse decision under § 1983, the plaintiff files a notice of appeal, which may be dismissed only if not taken in good faith, 28 U.S.C. § 1915(a)(3), or if it fails to satisfy § 1915(e)(2)(B) because, for example, it is frivolous. To obtain review of an adverse decision under § 2254, however, the petitioner needs a certificate of appealability, the standard for which—a "substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)—is considerably higher. (3) A person appealing from the denial of a petition under § 2254 is not subject to the requirement of the Prison Litigation Reform Act that the filing and docket fees be prepaid from the prison trust account. (4) An adverse decision on a petition for habeas corpus forecloses any second or successive request for that writ, unless the court of appeals gives advance approval under a restrictive standard. 28 U.S.C. § 2244(b). (5) An adverse decision in litigation under § 1983 may count toward the three strikes allowed by 28 U.S.C. § 1915(g) before the prisoner loses his ability to proceed *in forma pauperis*, but an adverse decision under § 2254 cannot have this effect.

*Moore,* 110 F.3d at 23-24 (case citation omitted); *see also Phelps,* 2010 WL 2640167, at *1 (listing various differences).

Avery also should not be allowed to circumvent the payment of the $350 civil filing fee by joining his § 1983 claims to a habeas case in which he has not been required to pay even the five-dollar habeas filing fee. *See Spencer,* 2015 WL 4528052, at *4. Finally, Avery's proposed amended complaint seeks money damages, which are not available in a habeas action. *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973).

For all the foregoing reasons, leave to amend is DENIED. The operative pleading in this case is the § 2241 Petition.

Avery is entitled to file his proposed amended complaint as an action under 42 U.S.C. § 1983.  **In light of the time that has elapsed since he submitted his amendment, Avery may notify the Clerk, within twenty-eight days of the date of entry of this order, whether he wishes to commence a § 1983 suit.**  If he does, the Court will instruct the Clerk to docket the proposed amended complaint (ECF No. 9) as a separate civil action.  The motion for leave to amend (ECF No. 14) will, at Avery's request, also be docketed in the new action.  Avery will be required to submit an *in forma pauperis* affidavit and inmate trust fund account statement, and the Clerk will assess the civil filing fee of $350 (or $400 if Avery does not qualify to proceed *in forma pauperis*).[2]  If the new civil action is dismissed for failure to state a claim or as frivolous, a "strike" will be assessed under 28 U.S.C. § 1915(g).

## IV.    ANALYSIS OF AVERY'S HABEAS CLAIM

"Article III of the Constitution limits the judicial power to the adjudication of 'Cases' or 'Controversies.'"  *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 137 (2007) (citing U.S. Const., art. III, § 2).  This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there."  *Fialka-Feldman v. Oakland Univ. Bd. of Trs.,* 639 F.3d 711, 713 (6th Cir. 2011).  "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."  *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.,* 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the

---

[2] Even if he has incurred a third "strike" before the filings are docketed as a new civil action, Avery can take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) because he did not have three "strikes" when he submitted the proposed amendments.

rights of the litigants."); *Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater,* 243 F.3d 270, 276 (6th Cir. 2001) (same). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coalition for Gov't Procurement*, 365 F.3d at 458.

A habeas claim that does not challenge the validity of a criminal judgment ordinarily is moot when the condition at issue has abated or the inmate has been transferred to another facility. *Forbes v. Trigg,* 976 F.2d 308, 312 (7th Cir. 1992) (dismissing as moot habeas petition because petitioner had been released from segregation); *Thompson v. Smith,* 719 F.2d 938, 940-41 (8th Cir. 1983) (dismissing as moot habeas petition alleging harassment because petitioner was transferred to another prison). In this case, Avery is no longer in IAS at the WTSP and, instead, has been transferred to a prison outside the Western District of Tennessee. Avery's complaints about the conditions under which he was detained at the WTSP are, therefore, moot. Because the Court lacks jurisdiction over Avery's current custodian, this Court is unable to address any concerns he may have about his treatment at the MCCX.[3]

Because Avery's federal habeas claim is moot, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The § 2241 Petition is DISMISSED. Judgment shall be entered for Respondent.

V.      APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

---

[3] Earlier this year, Avery filed a § 1983 action in the Eastern District of Tennessee addressing his confinement at the MCCX. That suit was dismissed for failure to state a claim. (Mem. and Order, *Avery v. Sexton,* 3:15-cv-00191-TAV-HBG (E.D. Tenn. May 27, 2015), ECF No. 6.) Avery's appeal to the Sixth Circuit Court of Appeals is pending as Case Number 15-6237.

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b); *Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability), *overruled in part by Lindh v. Murphy,* 521 U.S. 320 (1997)). The COA requirement is applicable in this case pursuant to 28 U.S.C. § 2253(c)(1)(A). *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there can be no question that Petitioner's claims are meritless for the reasons previously stated. Because any appeal by Petitioner on the issues raised in his § 2241 Petition do not deserve attention, the Court DENIES a certificate of appealability.

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[4]

IT IS SO ORDERED this 6th day of January, 2016.

s/ S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.